# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| REGINALD BROWN, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-3397 |
| | : | |
| THE HOUSE OF CORRECTION(S) | : | FILED |
| PHILADELPHIA, | : | |
| Defendant. | : | AUG 27 2018 |

KATE BARKMAN, Clerk
By_____Dep. Clerk

## MEMORANDUM

PRATTER, J.                                                                AUGUST 27, 2018

Plaintiff Reginald Brown, an inmate at SCI Phoenix who is proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983 challenging the conditions in which he was previously confined at the House of Correction in Philadelphia. He also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Brown leave to proceed *in forma pauperis*, dismiss the Complaint for failure to state a claim as pled, and give Mr. Brown leave to file an amended complaint.

## I.    FACTS

The only Defendant listed in the caption of Mr. Brown's Complaint in accordance with Federal Rule of Civil Procedure 10(a) is the "House of Correction(s) Philadelphia." However, on the second page of the Complaint, Mr. Brown appears to have identified other Defendants as "The Warden at; House of Corrections of Philadelphia," "House of Correction(s) (Administration)," and "etal; House of Corrections Administration Staff." (Compl. ECF No. 2 at 4-5.)[1] He also refers to prison employees as Defendants throughout the Complaint.

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

According to the Complaint, Mr. Brown was convicted of violating parole and was incarcerated at the House of Correction from November of 2017 through May of 2018. He alleges that the

> Defendant(s) housed by force plaintiff in it's (91) year old "CONDEM[N]ED" House of Corrections, purposely, wantonly with bias, prejudice and malice, knowing it's conditions of; (1) falling ceilings, (2) crumbling walls, (3) lack of heat during winter months, (4) roaches, (5) rats/mice and [their] defacation [sic], notwithstanding spoiled food, i.e. (green bolona [sic], and sour milks).

(*Id.* at 7.) He adds that lead paint and asbestos were present in the environment. (*Id.* at 10.) According to Mr. Brown, the conditions at the facility led to his suffering sinus infections, nose bleeds, heart burn, mental anguish, and post-traumatic stress disorder. He seeks monetary damages.[2]

## II. STANDARD OF REVIEW

As noted above, the Court previously granted Mr. Brown leave to proceed *in forma pauperis* in this matter. Accordingly, a complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Because Mr. Brown is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[2] In his request for relief, Mr. Brown also refers to this case as a class action, even though it is not. Indeed, Mr. Brown is the only plaintiff listed in the Complaint.

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, the Complaint does not allege a plausible claim for relief against any of the named Defendants.

As noted above, the only Defendant listed in the caption of the Complaint is the "House of Correction(s) Philadelphia." However, on the second page of the Complaint, Mr. Brown appears to have identified other Defendants as "The Warden at; House of Corrections of Philadelphia," "House of Correction(s) (Administration)," and "etal; House of Corrections Administration Staff," and he refers to prison employees as Defendants throughout the Complaint. Accordingly, it is difficult for the Court to determine who the Defendants are in this case, which also makes it difficult to ascertain whether Mr. Brown has a basis for a claim against any of them. In any event, the "House of Correction" is not an appropriate defendant in this case

because county jails are not "persons" that are "subject to suit under federal civil rights laws." *Regan v. Upper Darby Twp.*, No. CIV A 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010).

Furthermore, although it is appropriate for Mr. Brown to identify defendants as "John Doe" or "Jane Doe" if he does not know their names, he is still obligated to explain how each such individual named in the Complaint was personally involved in the violation of his constitutional rights, whether due to the prison official's own misconduct or the official's deliberate indifference to known deficiencies in a policy or procedure that violated Mr. Brown's rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds, Taylor v. Barkes*, 135 S. Ct. 2042 (2015). As currently pled, Mr. Brown's allegations are insufficient to state a claim without clarification as to the identify of the Defendants and without reference to which specific individual engaged in what particular conduct. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Brown's Complaint. This dismissal will be without prejudice to Mr. Brown's right to file an amended complaint, as set forth in the Order that follows, in the event he can cure the defects noted above.

BY THE COURT:

GENE E.K. PRATTER, J.

4